**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRYSSOULA ARSENIS,<br>Plaintiff,<br>v.<br>M&T BANK CORPORATION,<br>Defendant. | Civil Action No. 26-1593 (MAS) (JBD)<br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon two motions. The first motion is Plaintiff Chryssoula Arsenis's ("Plaintiff") Motion for a Default Judgment against Defendant M&T Bank Corporation ("Defendant"). (Pl.'s Mot. for Default J., ECF No. 16.) Defendant filed an opposition brief (Def.'s Opp'n Br., ECF No. 18), and Plaintiff replied (Pl.'s Reply Br., ECF No. 21). The second motion is Defendant's Motion to Vacate the Clerk's Entry of Default and to Dismiss Plaintiff's Complaint (ECF No. 1) under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] (Def.'s Mot., ECF No. 17.) Plaintiff filed an opposition brief (Pl.'s Opp'n Br., ECF No. 19), and Defendant replied (Def.'s Reply Br., ECF No. 20). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Defendant's Motion is granted in part, and Plaintiff's Motion is denied as moot.

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

## I. BACKGROUND

On February 17, 2026, Plaintiff filed her Complaint against Defendant, raising a host of federal, state, and equitable claims. (*See generally* Compl., ECF No. 1.) Plaintiff served Defendant with the Complaint on February 27, 2026. (*See* ECF No. 5.) Service was effectuated in Buffalo, New York, upon an assistant branch manager, who was an authorized agent to receive service of process. (*Id.*) Defendant subsequently failed to timely respond to Plaintiff's Complaint, and on April 22, 2026, Plaintiff requested a Clerk's Entry of Default against Defendant. (ECF No. 6.) The Clerk's Office entered default against Defendant on the same date.

On May 4, 2026, Plaintiff filed a Motion for Default Judgment against Defendant. (*See generally* Pl.'s Mot. for Default J.) On May 6, 2026, Defendant filed a consolidated Motion to Vacate the Clerk's Entry of Default and to Dismiss Plaintiff's Complaint. (*See generally* Def.'s Mot.; Def.'s Moving Br., ECF No. 17-20.) On May 18, 2026, Defendant and Plaintiff opposed each other's respective motions. (*See* Def.'s Opp'n Br.; Pl.'s Opp'n Br.) Then, on May 26, 2026, Plaintiff and Defendant filed their respective reply briefs in further support of their own Motions. (*See generally* Pl.'s Reply Br.; Def.'s Reply Br.)

## II. LEGAL STANDARD

"When parties file competing motions for default judgment and to vacate the entry of default, courts routinely consider the motion to vacate the entry of default first." *Kinch v. Caulfield*, No. 23-2076, 2026 WL 884959, at *3 (D.N.J. Mar. 31, 2026) (quoting *Mawalla v. Lakewood Bd. of Educ.*, No. 23-2734, 2025 WL 1260900, at *2 (D.N.J. Apr. 30, 2025)). Motions to enter default judgment and vacate default are governed by Rule 55. *See* Fed. R. Civ. P. 55(a)-(c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Third Circuit directs that "[a]lthough the District Court has discretion to enter a

default judgment, in this [C]ircuit, [courts] prefer that cases be adjudicated on the merits." *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting a "preference that cases be disposed of on the merits whenever practicable")). Where there is a close case, the Third Circuit instructs that it "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *see also Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions[.]").

## III. DISCUSSION

When deciding whether to vacate default, district courts must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Dambach v. United States*, 211 F. App'x 105, 109 (3d Cir. 2006) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Applying the default judgment factors to the present matter, the Court finds that vacating the entry of default against Defendant is warranted. As to factor one, "prejudice will be found only where there has been a 'loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Itche Corp. v. G.E.S. Bakery, Inc.*, No. 08-3103, 2008 WL 4416457, at *2 (D.N.J. Sep. 24, 2008) (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Here, Plaintiff has not articulated that she will suffer any prejudice if the Court were to vacate the Clerk's Entry of Default. (*See* Pl.'s Opp'n Br. 25.) This matter is in the early stages of litigation and the "fact that a plaintiff will have to litigate an action

on the merits rather than proceed by default does not constitute prejudice." *Choice Hotels Int'l Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000). Factor one, accordingly, weighs in favor of vacating default.

To satisfy factor two, the moving party needs to present a "meritorious defense" that is "litigable." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999) (noting that "the Court need not decide the legal issue [on a motion to vacate the entry of default]; it is sufficient that [the] proffered defense is not facially unmeritorious." (internal quotation marks and citation omitted)). Here, Defendant proffers, *inter alia*, two meritorious defenses in its motion: (1) lack of subject matter jurisdiction; and (2) failure to state a claim. *See Mawalla v. Lakewood Bd. of Educ.*, No. 23-2734, 2025 WL 1260900, at *3 (D.N.J. Apr. 30, 2025) (explaining that "[a] meritorious defense can be . . . the contention of failure to state a claim[ ] or lack of subject matter jurisdiction[.]" (internal quotation marks and citation omitted)). Factor two, accordingly, weighs in favor of vacating default.

Regarding factor three, Defendant's conduct must be deemed "willful or bad faith conduct or deliberate trial strategy." *Dambach*, 211 F. App'x at 109-110. Here, Defendant contends that its branch manager accepted service of process, faxed the summons and complaint to Defendant's legal department, and due to a technological error, the legal department did not receive the papers. (Def.'s Moving Br. 17; *see also* Williams Aff. ¶¶ 4-7, ECF No. 17-2 (affirming that he accepted service of process and took actions to forward the papers to the legal department); Moar Aff. ¶ 7, ECF No. 17-4 (affirming that Defendant's legal department had no record of receiving the Summons and Complaint for this action prior to April 24, 2026.).) The Third Circuit has found that "innocent mishaps or mere mistakes" do not make a defendant culpable of willful or bad faith

conduct. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (collecting cases). As such, factor three weighs in favor of vacating default.

Having found that all three factors weigh in Defendant's favor, the Court concludes that the entry of default should be vacated and this matter should proceed to an adjudication on the merits in accordance with the Third Circuit's preference. *See Catanzaro*, 570 F. App'x at 165.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion is granted in part, and Plaintiff's Motion is denied as moot. The Court will issue an order consistent with this Memorandum Opinion.

MAShipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 23rd, 2026