**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHRYSSOULA ARSENIS,

Plaintiff,

v.

M&T BANK CORPORATION,

Defendant.

Civil Action No. 26-1593 (MAS) (JBD)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Chryssoula Arsenis's ("Plaintiff") response to this Court's September 23, 2026, Order to Show Cause (the "OTSC") as to why Plaintiff has Article III standing to pursue this action. (Pl.'s OTSC Response, ECF No. 25.[1]) This action entails a convoluted and extensive procedural history. For a more detailed recitation of the facts underlying the present action, the Court directs the parties to the OTSC. (OTSC 1-5, ECF No. 24.) By way of brief background, Plaintiff commenced this action on February 17, 2026, alleging that after a court-approved sale of her real property located at 6 Quail Run, Warren, New Jersey 07059 (the "Property"), Defendant M&T Bank Corporation ("Defendant") continued sending her monthly invoices for unpaid mortgage payments. (*See generally* Compl., ECF No. 1.) Plaintiff brought six causes of action for, *inter alia*, declaratory and injunctive relief, fraud, violations of the bankruptcy code, and relief under several federal and state consumer protection statutes. (*Id.*) Plaintiff seeks damages exceeding $23.05 million. (*Id.* at 43.)

---

[1] Despite the Court's invitation to reply to Plaintiff's OTSC response, Defendant did not make a submission.

Between the filing of Plaintiff's Complaint and the present, two intervening events prompted this Court to enter the OTSC to demonstrate why Plaintiff has Article III standing to pursue her claims. (*See generally* OTSC.) First, one month after Plaintiff commenced the present action, the bankruptcy court converted Plaintiff's petition from a Chapter 11 proceeding to a Chapter 7 proceeding, ordering Plaintiff to turn over the bankruptcy estate property in her possession to the Chapter 7 Trustee. (*Id.* at 4.) Second, because Plaintiff did not fully satisfy Defendant's $905,661.25 claim after the court-approved sale of the Property, on August 26, 2026, the bankruptcy court ordered the Chapter 7 Trustee to turn over the remaining sale proceeds, which were held in escrow pending further court order, in the amount of $162,747.71. (*Id.* at 4-5.) Plaintiff responded to the OTSC on October 7, 2026. (*See generally* Pl.'s OTSC Response.)

Article III standing is a jurisdictional prerequisite to suit. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). As provided by Article III of the United States Constitution, federal judicial power extends to only cases or controversies. *United States v. Gov't of V.I.*, 363 F.3d 276, 284 (3d Cir. 2004). A case or controversy exists when "a plaintiff has standing to sue[.]" *United States v. Texas*, 599 U.S. 670, 675 (2023). To have standing, a plaintiff must establish: (1) an injury-in-fact; (2) that the injury is fairly traceable to the defendant's conduct; and (3) that the injury is capable and likely of being prevented or redressed through the exercise of traditional judicial powers. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Standing "must be extant at all stages of review, [and] not merely at the time the complaint is filed." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 247 (3d Cir. 2013) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013)).

In response to the OTSC, Plaintiff submits that the conversion of her bankruptcy case from a Chapter 11 proceeding to a Chapter 7 proceeding did not affect her personal stake in this

litigation. (*See generally* Pl.'s OTSC Response.) Plaintiff contends that her claims accrued after the date upon which she commenced her bankruptcy petition and, therefore, this litigation did not become property of the estate by reason of 11 U.S.C. § 348(a). (Pl.'s OTSC Response 15-19.) Plaintiff concedes that 11 U.S.C. § 1115 may bring this litigation into the bankruptcy estate upon the date of conversion, but she argues it does not reach Defendant's continuing injurious conduct after that date. (*Id.* at 19-20.) The Court finds that Plaintiff lacks standing to pursue this litigation because this litigation became part of the bankruptcy estate upon conversion.

The commencement of a bankruptcy case creates an estate that is comprised of "all legal or equitable interests . . . as of the commencement of the case," as well as "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a). For bankruptcy actions that originally commenced under Chapter 11, Section 1115 provides that:

> In a case in which the debtor is an individual, property of the estate includes . . . all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is . . . converted to a case under chapter 7 . . . .

11 U.S.C. § 1115(a). Section 1115(a), therefore, confirms that upon conversion, "the estate in Chapter 7 will incorporate assets and interests acquired during [the case's] pendency in Chapter 11." *In re Schichtel*, 556 B.R. 90, 93 (Bankr. W.D.N.Y. 2016).

Here, Plaintiff alleges that her causes of action accrued after the bankruptcy court's approved sale of the Property. (*See* Compl. 8-10, 28 (alleging harmful conduct from August 15, 2025, through the present).) On March 18, 2026, the bankruptcy court converted Plaintiff's Chapter 11 action to a Chapter 7 action. (*In re Chryssoula Arsenis*, No. 24-21859, ECF No. 327 (Bankr. D.N.J.).) As a result, this litigation became part of the bankruptcy estate upon the date of conversion. *See In re Wilton Armetale, Inc.*, 618 B.R. 424, 432 (Bankr. E.D. Pa. 2020) (explaining that pending lawsuits are property of the bankruptcy estate); *accord* 11 U.S.C. § 1115(a).

Plaintiff is incorrect in her interpretation that Section 1115 cannot reach the ongoing injuries she claims to suffer because Defendant continues to send her informational statements regarding her mortgage account. (Pl.'s OTSC Response 19-20.) Plaintiff's claims accrued—and, therefore, she acquired the legal interest to pursue this litigation—well before the March 18, 2026, conversion. As a final note, the myriad cases Plaintiff relies upon are inapposite. For example, *Harris v. Viegelahn* and *In re Michael* involved conversions of Chapter 13 proceedings, whereas here, Plaintiff initially filed an action under Chapter 11. *See Harris v. Viegelahn*, 575 U.S. 510, 513 (2015); *In re Michael*, 699 F.3d 305, 306 (3d Cir. 2012).

Because this action became property of the bankruptcy estate upon conversion from Chapter 11 to Chapter 7, Plaintiff lacks standing to pursue it. The Chapter 7 Trustee is the proper entity with standing to prosecute a cause of action belonging to the bankruptcy estate. *See Ramos v. Bonilla*, No. 03-2683, 2006 WL 4452844, at *2 (Bankr. D.N.J. Apr. 12, 2006). Plaintiff will be provided with an opportunity to amend her Complaint to substitute the Chapter 7 Trustee as the proper plaintiff. This Court, accordingly, dismisses this action without prejudice for want of Article III standing.[2]

Based on the foregoing,

**IT IS**, on this 23rd day of November 2026, **ORDERED** as follows:

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiff will have **forty-five (45)** days from the entry of this Order to submit an Amended Complaint limited to curing the deficiencies addressed herein.

MAShipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

[2] Because Plaintiff lacks Article III standing to pursue this action as a whole, it does not reach mootness. Nor does the Court address Plaintiff's suggestion that the Chapter 7 Trustee has a conflict with Defendant's counsel. That issue is not ripe for decision.